IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

MELVIN D. GILLEN,

                Plaintiff,                OPINION & ORDER

   v.

                                          13-cv-373-wmc

KOHN LAW FIRM S.C.,
JONATHAN CATTEY, and
ROBERT E. POTRZEBOWSKI, JR.,

                Defendants.
---

Plaintiff Melvin D. Gillen brings this civil suit pro se under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. § 1681 *et seq.*, and the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 427. Before the court now is defendants' motion to dismiss for insufficient service of process, pursuant to Federal Rule of Civil Procedure 12(b)(5).[1]

At this point, the parties neither dispute that plaintiff served summons on July 25, 2013, through a process server by leaving it with a receptionist at Kohn Law Firm S.C. ("Kohn"), Shalisa Harger, for Kohn, Jonathan Cattey and Robert E. Potrzebowski, Jr., nor that he filed proof of service with the court on August 19, 2013 (dkt. #8). Defendants' main argument now is that service was insufficient with regard to Cattey and Potrzebowski, because Harger is not an "agent authorized by appointment or law to receive service of process" for Cattey and Potrzebowski individually. *See* Fed. R. Civ. P. 4(e)(2)(C). Plaintiff

---

[1] A single line in plaintiff's responsive brief suggests he is also asking the court to strike the affidavit of Sheila Harger (dkt. #7) from the record. His argument appears to be that Harger's affidavit is not trustworthy due to its "conclusive, assumptive, and false statements." (Dkt. #9.) Even if these arguments had merit, striking Harger's affidavit would have no effect on the court's opinion and order here, since Harger's affidavit was meant to demonstrate that plaintiff had personally effected service of process in violation of Fed. R. Civ. P. 4(c)(2), and defendants have since conceded that plaintiff did not, in fact, personally serve them.

argues that Harger, as a professional agent for the Kohn Law Firm S.C., *is* in fact designated by law to accept service for Cattey and Potrzebowski as well.

The Proof of Service forms filed by plaintiff in this case do not indicate that Harger is an agent authorized to receive service on behalf of Cattey or Potrzebowski. Rather, the forms state that Harger is designated by law to accept service on behalf of *Kohn*. The mere fact that Kohn is representing Cattey and Potrzebowski does not make Kohn's agent their agent. *See Schultz v. Schultz*, 436 F.2d 635, 638 (7th Cir. 1971) (service upon defendant's attorney insufficient because attorney had not been "authorized by appointment to receive service of process in the instant case").

Similarly, the fact that Cattey and Potrzebowski work at Kohn does not indicate the firm may accept service on their behalf. *See, e.g.*, *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003) (service cannot be effected on individual defendant by serving individuals not authorized to accept service at defendant's place of employment); *Thompson v. Kerr*, 555 F. Supp. 1090 (S.D. Ohio 1982) (service insufficient where defendants were members of bank's board of directors and service was effected on bank's corporate office).

Since Gillen offers no other evidence that Harger is the authorized agent of Cattey or Potrzebowski, nor argues that the method of service comported with state law (which would be permissible under Rule 4(e)(1)),[2] the court finds that service on both Cattey and Potrzebowski was insufficient under Rule 4.

---

[2] Such an argument would likely prove unavailing in any event. *See* Wis. Stat. § 801.11(1)(d) (permitting service by "serving the summons in a manner specified . . . upon an agent authorized by appointment or law to accept service of the summons for the defendant"); *Schultz*, 436 F.2d at 639 (noting that decision not to hold that attorney was agent authorized to receive service of process "appear[ed] to be consistent with those of the Wisconsin Supreme Court").

At this point, the court has discretion to determine whether to dismiss Cattey and Potrzebowski without prejudice or simply to quash service. Fed. R. Civ. P. 4(m) ("If defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant *or order that service be made within a specified time.*") (emphasis added); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) ("[T]he decision of whether to dismiss or extend the period for service is inherently discretionary."); *Koss Corp. v. Pilot Air Freight Corp.*, 242 F.R.D. 514 (E.D. Wis. 2007) ("Motions under Rule 12(b)(5) differ somewhat from the other motions authorized by Rule 12(b) in that they offer the district court a course of action – quashing the process – other than simply dismissing the claim when the defendant's objection is sustained."). "[D]istrict courts should consider the relative hardships of the parties in arriving at [their] discretionary choice between dismissal and extension of time." *Cardenas*, 646 F.2d at 1006.

Although the 120-day period for service under Rule 4(m) has passed, the court will exercise its discretion to quash service and order plaintiff to perfect service as to Cattey and Potrzebowski individually within a reasonably short period of time. First, defendants have not shown any hardship resulting from insufficient service; indeed, both appear to have received *actual* notice of the suit, which is the primary purpose underlying Rule 4. *See Henderson v. United States*, 517 U.S. 564, 672 (1996) ("[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections."); *Cardenas*, 646 F.2d at 1006 (noting that actual notice and possible prejudice to the defendant are two factors a district court may consider). Second, there is no need to

3

hold Gillen, a *pro se* plaintiff, "accountable" for what appears to have been an innocent error in attempting to effect service. *See id.* at 1007.

Accordingly, the court declines to dismiss the case and, pursuant to its authority under Fed. R. Civ. P. 4(m), will order plaintiff to perfect service on Cattey and Potrzebowski within 30 days. Plaintiff should be aware that if he does not properly serve Cattey and Potrzebowski within that time, they will be dismissed from the lawsuit.

As for Kohn, defendants concede that service was proper. (*See* Defs.' Reply (dkt. #11) 2.) Kohn nevertheless asks the court to order Gillen to file proper proof of service, correctly noting that pursuant to Fed. R. Civ. P. 4(*l*)(1), an affidavit must be filed by the person who filed the Summons and Complaint. Apparently, Kohn reads that Rule to require that the affidavit use the actual word "Complaint" in indicating that service has been perfected. Kohn also argues that this court's instructions require that the affidavit state not only the date of service, but also the time, pointing out that the time of service does not appear on the affidavit in question. (*See* dkt. #8.)

The court disagrees with Kohn that these "omissions" require amended proof of service. Federal Rule of Civil Procedure 4(*l*)(1) states only that "[u]nless service is waived, proof of service must be made to the court" and that "[e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Gillen's process server did file an affidavit with this court. (*See* dkt. #8.) The proof of service form he used is the form provided by this court for proof of service. *See* http://www.wiwd.uscourts.gov/sites/default/files/AO_440.pdf. The fact that it does not include the word "Complaint" does not indicate that it is not proper proof of service, since, as plaintiff avers, the affidavit in question was filed by the person who actually served both the summons and the complaint,

4

regardless of whether the word "Complaint" appears on the affidavit itself. (*See* Affidavit of Melvin D. Gillen (dkt. #10).)

Likewise, Kohn's quibble as to the necessity of both time and date on that affidavit does not arise out of the text of Rule 4; it comes from the instructions provided to plaintiff by this court. Certainly, pro se litigants must follow the court's instructions, and plaintiff should be very careful to do so going forward, but the instructions at issue here require a plaintiff to "file with the court an affidavit of the person who effected service of the summons and complaint upon defendant stating the time and date the delivery was made and with whom the summons and complaint was left, . . . or other evidence of delivery." (Dkt. #3-1.) An affidavit from the process server with the date of service and the individual on whom process was served is sufficient to provide the "evidence of delivery" this court's instructions require, at least where the *fact* of service is not in dispute.

ORDER

IT IS ORDERED that:

1) Service is QUASHED as to defendants Jonathan Cattey and Robert E. Potrzebowski, Jr. Plaintiff Melvin D. Gillen is ordered to perfect service on Cattey and Potrzebowski within 30 days; and

2) Defendant Kohn Law Firm, S.C.'s motion to require additional proper proof of service is DENIED.

Entered this 17th day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge