IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

MELVIN D. GILLEN,

                Plaintiff,                OPINION & ORDER

  v.

                                          13-cv-373-wmc

KOHN LAW FIRM S.C.,

                Defendant.
───────────────────────────────────────────────────────────────

      Plaintiff Melvin D. Gillen's pending motion to compel is somewhat odd in both its procedural posture and lack of substance. Acting *pro se*, plaintiff has invoked a slew of FDCPA, FCRA and WCA provisions but has only pled facts relating to two claims: (1) continuing with collection actions without validating the debt; and (2) obtaining his credit report for an impermissible purpose. Defendant Kohn Law Firm S.C. ("Kohn") moved for summary judgment very early (five months before dispositive motions were due), rather than filing a 12(b)(6) motion to rid the case of claims not plausibly pled. Predictably, the plaintiff requested more time for him to gather discovery before responding to the summary judgment motion. Defendant objected. While the court declined to impose a blanket stay on discovery, it invited defendant to object to particular requests, which it then did. Plaintiff responded with this motion to compel.

      Adding to the oddity is that none of what plaintiff is requesting appears relevant to his case *as pled*. Perhaps he has some other theories in mind that could make this information relevant, but as it is, he only pleads facts with respect to the validation and credit report claims. Thus, although his motion to compel is focused on Kohn's privilege-

based objections, he necessarily loses on relevance grounds with respect to *all* of defendant's objections.

BACKGROUND

In this civil action, plaintiff Melvin Gillen purports to state claims against defendant under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; and the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 421 *et seq.*  Factually speaking, Gillen alleges that Kohn both failed to validate the debt upon his request and continued sending letters seeking to collect it.  He also alleges that Kohn obtained his consumer credit report without a permissible purpose. While Gillen's complaint invokes a number of other statutory provisions of the FDCPA, he pleads only facts supporting those two discrete claims.  (*See* Compl. (dkt. #1).)

On April 2, 2014, Gillen submitted interrogatories and requests for production to Kohn.  On or about May 3, 2014, he received Kohn's answer and objections.  Gillen now seeks to compel responses to six of his requests for production or, in the alternative, asks the court to review the documents *in camera*.  Kohn objected to the identified requests for a variety of reasons, including that they were vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, proprietary in nature, privileged or some combination of the above.

OPINION

Generally, a party may inquire about any non-privileged matter that is relevant to a claim or defense.  Fed. R. Civ. P. 26(b)(1).  Discovery is, however, subject to the limitations

2

of Fed. R. Civ. P. 26(b)(2)(C), meaning that the court must limit the frequency or extent of discovery otherwise allowed if it is unreasonably cumulative or duplicative, or if the burden or expense of the proposed discovery outweighs its likely benefit in the context of the particular case. The burden of demonstrating that discovery is overly broad, unduly burdensome or irrelevant rests with the party opposing discovery – in this case, defendant Kohn. *Graham v. Casey's Gen. Stores,* 206 F.R.D. 251, 254 (S.D. Ind. 2002). With these principles in mind, the court turns to the particular requests for which plaintiff Gillen seeks an order compelling production.

### A. Training Materials Regarding the FDCPA

Gillen seeks all materials, including video and audio tapes, pertaining to the training Kohn offers regarding the FDCPA. Kohn argues that those materials are not relevant, because they do not shed any light on the question of whether Kohn validated the debt as required under the FDCPA. The court likewise fails to see the relevance of Kohn's training materials to Gillen's claim. The FDCPA is a strict liability statute, *Berndt v. Fairfield Resorts, Inc.*, 337 F. Supp. 2d 1120, 1131 (W.D. Wis. 2004), meaning that Kohn's intent or good faith is, as Kohn argues, irrelevant to Gillen's claims.

This material could be relevant to defeating a potential *defense* in this action. *See* 29 U.S.C. § 1692k(c) (a debt collector may not be held liable for an FDCPA violation if it shows by a preponderance of the evidence that the violation was unintentional and "resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error"). But Kohn has not raised such a defense in its answer. (*See* Answer (dkt. #15) 4-5.) Nor has it made any such argument in its pending motion for

3

summary judgment. (*See* Def.'s Br. Supp. Summ. J. (dkt. #29) 2-4.) Accordingly, the court will not order Kohn to produce these materials, understanding that by successfully opposing discovery in this area Kohn has effectively waived a defense based on § 1692k(c).

### B. Documents between Kohn and Capital One Bank

Requests 5, 7 and 8 all seek, in varying forms, documents between Kohn and Capital One. Request 5 seeks all such documents "regarding the Plaintiff and collection of the alleged debt." Kohn represents that it has, in fact, produced all non-privileged documents in its possession that relate to Gillen's account, which seemingly renders this request moot.

Request 7 seeks *all* documents "sent to or received from" Capital One, without any limitation as to the account to which they relate. Gillen states he needs these documents "to refute the claim that no violations were made by defendant." Kohn responds that any documents relating to accounts other than Gillen's are completely irrelevant to his pending claims and that the information in question is proprietary in nature. The court agrees. Documents from Capital One relating to accounts other than Gillen's are irrelevant to his claims that Kohn failed to validate *his* debt and obtained *his* credit report for an impermissible purpose. Given that Kohn represents it has already produced all non-privileged documents that relate to *Gillen*'s account, as set forth above, there is nothing more to compel.

Finally, Request 8 seeks copies of all "current contracts or agreements" that Kohn has with Capital One or its subsidiaries. Kohn represents that the only responsive document it has is a retainer agreement between Kohn and Capital One, which it claims is both privileged and irrelevant. Generally, the attorney-client privilege protects "confidential

4

communications between client and attorney, made 'in order to obtain legal assistance.'" *United States v. Leonard-Allen*, 739 F.3d 948, 952 (7th Cir. 2013) (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)). Since they are not directly related to legal advice itself, retainer agreements are generally not considered privileged. *See, e.g., In re Walsh*, 623 F.2d 489, 494 (7th Cir. 1980). Kohn *is* correct, however, that its retainer agreement with Capital One would appear to bear no relevance to Gillen's claims as pled. It has no bearing on whether Kohn validated Gillen's debt, continued collection efforts on the debt or wrongfully obtained Gillen's credit report. Absent some further explanation, therefore, the court will not order defendant to produce this agreement.

### C. Documents Related to Maintenance of Kohn's FDCPA Compliance Procedures

Request 9 seeks "[a]ll documents relating to the maintenance of procedures by the Defendant adapted to avoid any violation of the Fair Debt Collection Practices Act." The court views this request as comparable to Gillen's request for Kohn's training materials. For the same reasons, the court will not order Kohn to produce documents responsive to this request.

### D. Kohn's Malpractice Insurance

Finally, Request 13 seeks a copy of "each liability policy issued to [Kohn] which may cover your alleged liability in this suit[.]" Kohn objects that this request is irrelevant and unduly burdensome at this stage in the litigation, because it has not yet tendered this case to its insurance carrier given its pending motion for summary judgment. Kohn further states that it will not object to producing its insurance information in the event that Gillen survives summary judgment.

5

While seemingly reasonable, the problem with Kohn's objection is that it has been under an obligation for some time to make an initial disclosure for inspection and copying "any insurance agreement under which an insurance business may be liable to satisfy all or port of a possible judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv). Kohn cannot point to any exception from this rule because it hopes plaintiff's claims will all go away on summary judgment, nor can the court. Accordingly, Kohn will be ordered to comply with this request.

ORDER

IT IS ORDERED that:

1) Plaintiff Melvin Gillen's motion to compel (dkt. #38) is DENIED in substantial part and GRANTED with response to Document Request No. 13 only pursuant to Rule 26(a)(1)(A)(iv);

2) Defendant Kohn Law Firm, S.C. has until August 11, 2014, to comply; and

3) Plaintiff has until August 20, 2014, to respond to defendant's pending motion for summary judgment.

Entered this 31st day of July, 2014.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge